[Crim. No. 5160.   Second Dist., Div. Three.   Oct. 5, 1954.]

THE PEOPLE, Respondent, v. RICHARD C. WOOD, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Victor A. Gables, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged in three counts with violation of section 11170.5 of the Health and Safety Code, in that he did unlawfully give a false name and false address in connection with the prescribing or furnishing of a narcotic. It was also alleged in the information that on October 5, 1928, he had been convicted of violation of the State Poison Act; and that on March 14, 1932, he had been convicted of violation of the Harrison Act; and that upon each conviction he had served a term of imprisonment. Defendant denied the allegations regarding prior convictions. Trial by jury was waived, and upon stipulation the case was submitted to the trial court upon the transcript of the preliminary examination. It was also stipulated that the People or defendant would have the right to present further evidence. Defendant was adjudged guilty as charged in the three counts; and it was found that the charges of prior convictions were true. Defendant appeals from the judgment.

Said section 11170.5 provides: "No person shall, in connection with the prescribing, furnishing, administering, or dispensing of a narcotic, give a false name or false address."

Appellant contends that there was no evidence that he gave a false name; and that the evidence is insufficient to establish that he gave a false address.

Three prescriptions for morphine sulphate, which is a nar-

cotic, were written and signed by Dr. Ratner, a doctor of medicine, and were delivered by him to defendant on the respective dates shown on the prescriptions. Those dates were March 28, April 4, and April 11, 1953. The name "Harry Ellis" and the address "531 South Ardmore, Los Angeles" were on each prescription. The prescriptions were received in evidence as exhibits A, B, and C.

Dr. Ratner testified that he had seen the defendant over a period of approximately ten months; he knew defendant by the name "Harry Ellis"; defendant gave him the address "531 South Ardmore, Los Angeles"; the reason he signed the prescriptions was that both legs of defendant had been amputated and he had painful stumps, and it was necessary to alleviate the pain.

A pharmacist testified that on each of the dates shown on said prescriptions the defendant presented one of the prescriptions to him at a pharmacy, and he (witness) filled the prescription and delivered to defendant a package containing morphine sulphate, a narcotic which the prescription called for.

A narcotic inspector, employed by the State of California, testified that he arrested the defendant on the charges herein; in connection with his work as such an inspector he first saw defendant quite a few years ago, and he (witness) recalls seeing him in 1948; he had been acquainted with defendant in the course of investigations; he knows defendant by the name of Richard C. Wood; in his investigation of this case he determined there was a "500 block South Ardmore," and he looked for 531 South Ardmore but the numbers jumped from 525 to 541 South Ardmore; there is no 531 South Ardmore; he looked down the sides of the buildings to see if any houses were located in the rear, but he did not walk to the back of the houses to see if any house was located there. He testified further that he had a conversation with defendant on April 30, 1953, after he arrested defendant. When the witness was asked to relate the conversation, counsel for defendant objected thereto upon the ground that no corpus delicti had been established. The objection was overruled, and the witness said that he asked defendant if he had been going to Dr. Ratner; defendant replied, "Yes," and that he had been using the name Harry Ellis; the witness then said, "How about the address?"; defendant replied, "I made that up out of thin air."

The minutes of the court, made at the arraignment on May 25, 1953, show that defendant's counsel (Mr. T. Schaffer)

was present and that defendant "states his true name to be as charged in the information." (The name stated in the information is Richard C. Wood.) The reporter's transcript shows that at the beginning of the trial the following questions were asked and the following answers were given: "Mr. Schaffer [attorney for defendant]: May it be submitted on the transcript? The Court: Do you want to take that, Mr. Powers [deputy district attorney]? Mr. Powers: Richard C. Wood, is that your right name? The Defendant: Yes."

Also at the beginning of the trial, the deputy district attorney offered in evidence as "proof of the priors the record, which I here present to the Court." Counsel for defendant stated that there was no objection thereto. The record was received in evidence. It was stipulated that "the person named in the priors is this defendant." (The record so referred to has not been transferred to this court, and the transcript on appeal did not show the name which was in said record.)

Defendant did not testify and no evidence was offered in his behalf.

Appellant argues that the court erred in receiving the testimony of the inspector as to the conversation he had with appellant, for the reason no corpus delicti was proved prior to receiving the testimony; that the corpus delicti cannot be established by extrajudicial admissions of a defendant; that prior to receiving the testimony as to defendant's statements, there was no evidence that defendant had given a false name *and* false address. In *People* v. *Waack,* 100 Cal.App.2d 253 [223 P.2d 486], it was said (p. 255): " 'The corpus delicti need only be proved prima facie or by slight evidence to lay the foundation for the introduction of evidence of a confession.' " It was also said therein (p. 255) that to authorize the introduction of evidence of a confession, " 'the prosecution is not required to establish the corpus delicti by proof as clear and convincing as is necessary to establish the fact of guilt; rather slight or prima facie proof is sufficient for such purpose.' " ▌ In the present case there was sufficient evidence, that a false address was given, to warrant the introduction in evidence of the conversation with defendant. The inspector had testified that he looked for 531 South Ardmore in the 500 block of South Ardmore but there was no such address. Also, there was sufficient evidence, that a false name was given, to warrant the introduction of the conversation. The inspector testified that he had been acquainted with

defendant a few years and he knew him by the name of Richard C. Wood. Defendant argues, however, that there was no evidence that the name Richard C. Wood was not fictitious and that the name Harry Ellis was not his true name; and that in California a person may use any name without having had legal proceedings that authorized such use. Defendant stated in court, at the time of arraignment and at the beginning of the trial, that his right or true name is Richard C. Wood. ▮ Defendant's failure to testify could have been considered "as tending to indicate the truth of" the evidence presented against him (to the effect there was no such address and his name was not Harry Ellis) "and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable." (See *People* v. *Adamson,* 27 Cal.2d 478, 490-491 [165 P.2d 3]; *People* v. *Liss,* 35 Cal.2d 570, 576 [219 P.2d 789].) ▮ To support a conviction under the provisions of said section 11170.5 it is not necessary that both the address and name be false; but it is sufficient if either the address or name is false. The evidence herein was sufficient to support findings that the address and the name were false.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.